Ms. Cathyrn Hinshaw, Executive Director AR Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have requested an Attorney General opinion concerning the retirement plan of fire fighters who are former members of a local retirement plan, and who later return to employment in the same department.
More specifically, you have asked me to clarify a previous opinion related to this subject. The opinion in question is Opinion No. 99-039. In that opinion, I addressed the question of whether a retired fire fighter who had been a member of a private local fire fighters' retirement plan, and who returned to employment in the department where he was previously employed, would be allowed to draw his retirement benefits from his old local plan during the period of his re-employment. I opined that the answer to that question would depend upon whether he chose to re-join his local plan, or to join some other retirement system, including LOPFI (the statewide retirement system for local fire fighters and police officers).[1]
You have expressed the view that fire fighters in such a situation would not have the option of joining LOPFI. Accordingly, you have asked me to clarify that aspect of Opinion No. 99-039. I understand your question to be:
 Does a fire fighter who is a former member of a local fire fighters' retirement plan, and who later returns to employment with the department where he was previously employed, have a choice between re-joining the local retirement plan and joining LOPFI?
RESPONSE
Summary of Opinion
It is my opinion that former members who return to employment must re-join their local retirement systems.[2]
The answer to this question is clear in situations involving former members who left employment with the department for reasons other than retirement, and are now returning to employment with the department. Such former members unquestionably must re-join the local system. However, the law does not specifically address the situation in which the former member is a retiree who is returning to employment. Pending legislative action or judicial decision to the contrary, it is my opinion that retirees who return to employment an who wish to join a retirement system must also re-join the local system.
I will discuss these two types of former members separately for the purpose of pointing out a possible unintended consequence of an overly broad prohibition against joining LOPFI.
Discussion
The situation involving a former member who returns to employment in a department where he was previously employed is addressed by A.C.A. § 24-11-816. That statute states in pertinent part:
 (b)(1) In the event a former member again becomes an employee of the same fire department where previously employed, the fire fighter shall again become a member of the system, and the credited service forfeited by him shall be restored to his credit if he returns to the fund the amount refunded to him plus interest from the date of withdrawal to the date of repayment.
A.C.A. § 24-11-816(b)(1).
In my opinion, the above-quoted statute pertains only to employees who left the department for reasons other than retirement. It does not appear to contemplate retirees who return to work. I base this interpretation on two factors. First, I base it on the fact that the language of the statute refers to the restoration of forfeited credit, which would be an issue only with non-retirees. Under this interpretation of this language, a non-retiree who returns to work in the department where he was previously employed must re-join his old local retirement system.
Second, it is likely that the legislature did not include retirees in the provisions of this statute because at the time this statute was enacted (1951), retirees were not authorized to come out of retirement and re-join a retirement system. The legislature was therefore not even contemplating retirees. Indeed, the practice of coming out of retirement and re-joining a retirement system is still widely regarded as impermissible unless expressly authorized by statute. In 1991, the General Assembly did expressly authorize such a course of action for retired fire fighters. This authorization is stated in A.C.A. §24-11-827, as follows:
 (a) Notwithstanding any other provision of the law to the contrary, should an age or service retirant return March 1, 1986, or later, to employment in a position covered by the fireman's fund from which he retired, no pension payments shall be paid him for the period of such reemployment, and he may make member contributions to the system as if he were an active member during such reemployment.
A.C.A. § 24-11-827(a) (emphasis added).
The language of the above-quoted statute is stated in permissive, rather than mandatory terms, and was clearly intended to override the commonly accepted prohibition against retirees re-joining a retirement system. It simply does not address the question of whether a retired fire fighter who returns to work can join LOPFI. Because of this fact, and because the mandatory terms of A.C.A. § 24-11-816, quoted above, do not appear to apply to retirees, there simply is no provision in the law that requires
retirees to re-join their old retirement systems.
It is not surprising that the legislature would not have enacted such a requirement, because it is so unlikely that a retiree would make such a choice, since he would be required to meet the more stringent vesting requirement of LOPFI before being permitted to draw benefits. Cf. Op. Att'y Gen. No. 90-208. It is for this reason that I do not apply the principle of "expressio unius, alterius est exclusio alterious" (the expression of one thing is the exclusion of the other) to the provisions of A.C.A. § 24-11-827(a). I believe that the legislature's failure to address the issue of retired fire fighters joining LOPFI does not reflect an intent to preclude them from doing so, but rather, reflects the fact that it could not envision that any retired fire fighter who returned to work would choose to join LOPFI.
Nevertheless, because it is not entirely inconceivable that a scenario could exist in which a retiree would make this choice, it is necessary to consider whether the statutes should be interpreted to allow retirees to join LOPFI. I conclude that the statutes should not be interpreted to allow retirees to join LOPFI. However, I base this conclusion on grounds other than those you have stated for the same conclusion. As explained below, I believe that your interpretation could have consequences that are not consistent with the intent of the retirement statutes.
You have based your conclusion on your interpretation of the provisions of A.C.A. § 24-10-301, which delineate the membership in LOPFI. You interpret these provisions as restricting a retiree from membership in LOPFI. That statute states:
(a) The membership of the system shall include the following persons:
 (1) If his employer had its fire fighters covered by a relief fund on the operative date, each person first employed as a fire fighter on or after the operative date shall become a member of this system and not be a member of the relief fund[.]
A.C.A. § 24-10-301(a)(1).
You have taken the position that because the above-quoted statute refers to membership as including only to those who are "first employed" after the operative date of the statute, it should be read to exclude all persons who were previously employed from being members of LOPFI. In your view, a retiree who is returning to employment in the department where he had worked previously cannot be deemed "first employed" after the operative date of the statute.
I agree that this wording could be taken as evidence of the legislature's intent not to permit any previous employees to participate in LOPFI. However, the force of this evidence is tempered by the requirement, stated in A.C.A. § 24-10-302, that all "future fire fighters" be covered under LOPFI.
Section -302 states:
 (b) Each political subdivision with a relief fund in effect on the operative date shall become an employer on the operative date and cover its employees under the system, as follows:
 (2) An employer with a relief fund covering fire fighters shall cover its future fire fighters.
 (c) After the effective date, a political subdivision shall not commence coverage of its employees who are police officers or fire fighters under another plan similar in purpose to this system, except social security.
A.C.A. § 24-10-302(b)(2) and (c).
A scenario could exist in which the more all-encompassing reading of the phrase "first employed" would subvert the goals and purposes of LOPFI, as stated in Section -302, above. For example, suppose that a former employee, during his previous tenure, had declined to participate in the local plan at all, pursuant to A.C.A. § 24-11-816. If this employee returns to employment, the reference to "future employees" in -302 would clearly seem to apply to him and to indicate that he should participate in LOPFI. Yet the all-encompassing reading of the phrase "first employed" would prohibit him from participating in LOPFI. He could be left without a retirement system in which to participate. This result seems contrary to the intent of the LOPFI statutes.
For this reason, I do not base my conclusion that retirees who return to employment should not join LOPFI on an interpretation of the phrase "first employed." Rather, I find it more plausible to base this conclusion on the principle of consistency. It is simply more consistent to interpret the statutory scheme as treating all former members alike. Because the legislature clearly chose to require non-retired former members to re-join the local system, it is likely that if it had considered the issue with regard to retired former members, it would have likewise required them to rejoin the local system. There would have been no logical or practical reason to have treated the two groups differently.
For all of the foregoing reasons, I interpret the applicable statutes as requiring that all former fire fighters — both retirees and non-retirees — who were previously members of the local retirement system, who have not since joined LOPFI, and who return to employment and choose to join a retirement system, must re-join their local retirement systems.
I must note that the Arkansas Supreme Court has not addressed the issue you have raised, nor has it interpreted the pertinent statutes in the context of this issue. Pending a judicial interpretation of these statutes (or a legislative clarification thereof), I believe that my interpretation of this issue is reasonable, because it seems to be consistent with the apparent purposes of the applicable statutes.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I must note that Opinion No. 99-039 did not address the issue that you have raised here, and the fact situation out of which it arose may be distinguishable in various respects. For that reason, any dicta in that opinion that implicates the issue you have raised here should not be taken out of context. The issue in Opinion No. 99-039 was whether the fire fighter in question could draw retirement benefits while participating in a retirement plan. In responding, I attempted to make the point that the answer was contingent upon whether the fire fighter contemplated drawing benefits from the same plan in which he was participating. The issue that has now arisen (i.e., whether retired fire fighters who return to employment can join LOPFI) had not, at that point, ever been presented to or analyzed by this office. It was therefore necessary to leave open the possibility of such an individual joining LOPFI, particularly in light of the fact, discussed more fully hereinafter, that the law does not address the issue.
[2] However, if the former member had become a member of LOPFI during his absence, he cannot re-join the local system. See A.C.A. §24-11-816(b)(3).